AO 91 (Rev. 11/11) Criminal Complaint

FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

SEP 1 9 2023

MITCHELL R. ELFERS
CLERK OF COURT

| | |
|---|---|
| United States of America<br>v.<br>Michael Andrew Martinez<br><br>*Defendant(s)* | )<br>)<br>) Case No. 23-1430 MJ<br>)<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __April 30, 2023__ in the county of __Dona Ana__ in the
_____ District of __New Mexico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 242, 250 | Deprivation of Rights Under Color of Law |
| 18 U.S.C. § 1512(c)(1) | Obstruction of Justice |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Armida Maria Macmanus, FBI Special Agent
*Printed name and title*

Sworn to before me and signed *Telephonically*

Date: 19 Sept 2023

*Judge's signature*

City and state: Las Cruces, New Mexico

Damian L. Martinez, U.S. Magistrate Judge
*Printed name and title*

United States of America v. Michael Andrew Martinez

ATTACHMENT A - AFFIDAVIT

I, Armida Maria Macmanus, am a Special Agent with the Federal Bureau of Investigation (FBI) and have been employed as such for almost 18 years. In my career, I have investigated or participated in investigations involving a variety of federal statutes, including violent crimes, drug trafficking, kidnappings, and public corruption, including allegations of color of law violations and obstruction of justice.

### Relevant Statutes

Title 18 U.S.C. § 242 states, in relevant part, "[w]hoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States . . . and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life . . . ."

Title 18 U.S.C. § 250 states, in relevant part, "[i]t shall be unlawful for any person to, in the course of committing an offense under this chapter . . . engage in, or cause another to engage in, sexual misconduct."

Title 18 U.S.C. § 1512(c)(1) states, in relevant part, "[w]hoever corruptly alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding shall be fined under this title or imprisoned not more than 20 years, or both."

### Details of the Investigation

On or about September 15, 2023, the FBI received information that Michael Andrew Martinez (Martinez), a former deputy with the Doña Ana Sheriff's Office (DASO), kidnapped and sexually assaulted an adult female (hereinafter Victim), thereby depriving the Victim of her civil rights and then obstructed justice by attempting to destroy evidence, on or about April 30, 2023, in Las Cruces, New Mexico (Doña Ana County).

I reviewed a DASO report, dated April 30, 2023, authored by then Deputy Martinez. From the report I learned the following:[1] Martinez, while wearing his full duty uniform, displaying his badge, and patrolling in a DASO marked unit, responded to a crash on Snow Road and Mesilla Dam Road in Doña Ana County. Martinez approached a vehicle with heavy front-end damage that struck a tree. Two females stood near the vehicle, one of which was the Victim,

---

[1] This is a summary of the relevant information in the report, related to the charges against Martinez. Not every detail of the report is included in this summary.

1

who was the registered owner of the vehicle. Further investigation revealed the Victim was the driver of the vehicle when the crash took place.

According to the report, Martinez decided to detain the Victim for Driving Under the Influence of intoxicating liquor or drugs (NM 66-8-102A) and Careless Driving (NM 66-8-114A). Martinez handcuffed the Victim and placed her inside his marked unit, a 2017 Chevrolet Tahoe, bearing New Mexico license plate G99453. Martinez read the Implied Consent Advisory to the Victim, and she agreed to produce a breath sample. Martinez transported her to the main DASO Office, where he administered a breathalyzer test, which produced a first sample of 0.04 and a second sample that was insufficient. The Victim remained inside a holding cell while Martinez completed his paperwork. Once he was done, Martinez placed the Victim inside his marked unit. The Victim remained handcuffed.

Martinez transported the Victim to Mountain View Medical Center in Las Cruces to obtain a medical clearance. Once the medical clearance was obtained, Martinez transported the Victim to the Doña Ana County Detention Center and booked her. This summary comes solely from Martinez' report related to the incident.

On Tuesday May 2, 2023, a sergeant with DASO (hereinafter Witness 1) responded to Martinez' residence in Doña Ana County, in reference to a claim of criminal damage to property. Witness 1 had received a phone call from Martinez where Martinez claimed he went into his marked unit and noticed his GPS device was laying on his dashboard. Martinez also claimed the center console had been damaged. Martinez asserted the unit's WatchGuard DVR system, the Harris radio—which is a tactical radio used by law enforcement—and the WatchGuard monitor had been destroyed.[2] During his call with Witness 1, Martinez said nothing appeared to be taken out of the marked unit.

Upon arrival at Martinez' residence, Witness 1 spoke to Martinez. Martinez reiterated he noticed the damage to the interior of his vehicle. Martinez also claimed that the glove compartment had been rummaged through and was open. Witness 1 observed the radio face was removed, the WatchGuard DVR system was damaged, and the monitor was destroyed. Martinez' marked unit was returned to DASO so the recovery of stored data within the WatchGuard DVR system could be attempted and reviewed for possible evidence of the alleged robbery.

On September 15, 2023, I met with a lieutenant with the DASO Professional Standards Division (hereinafter Witness 2). Witness 2 told me that Witness 1's investigation revealed there was no forced entry into Martinez' marked unit and that the only item missing was the WatchGuard body worn DVR camera. On May 3, 2023, Witness 2, who performs investigations of employees, was contacted due to the suspicious circumstances surrounding the damaged property. On May 11, 2023, the WatchGuard DVR was pulled from the unit. The DVR was

---

[2] I conducted an online search of the WatchGuard DVR system and learned it is an integrated evidence-gathering and archiving system. This system, or it's comparable alternative, is used by the DASO to capture law enforcement events with cameras and recorders such as the Motorola Solutions 4RE® in-car video system (WatchGuard DVR system) with V300 body-worn cameras.

later sent to WatchGuard (Motorola) on June 22, 2023. On August 21, 2023, WatchGuard sent a thumb drive which contained videos that were recovered from the damaged WatchGuard DVR.

On August 30, 2023, Witness 2 reviewed the videos, including one video which showed a female inside the prisoner compartment of Martinez' marked unit (later identified as the Victim) who was sexually assaulted while handcuffed by Martinez. Witness 2 immediately notified his chain of command. On August 31, 2023, Martinez' employment with DASO was terminated.

On September 15, 2023, I observed the video recovered from Martinez' WatchGuard DVR. The following is a summary of my observations of the video (all times are approximate; some portions of the conversations are inaudible): At the 0:01 minute mark, I observed a banner on the video which read, "Dep. Michael Martinez 04-30-2023 @0335 Hrs. Backseat.mp4." The video began with the Victim seated and seat belted in the caged, prisoner compartment of Martinez' marked unit. Her hands were behind her back, presumably handcuffed. Radio traffic can be heard in the background. The Victim wore a light-colored hoodie and shorts. Martinez and the Victim engaged in casual conversation at about the 00:3:15 minute mark. At approximately the 00:15:32 minute mark, Martinez opened the rear passenger side door and released the seatbelt. The Victim exited the vehicle and Martinez shut the door at approximately the 00:15:49 minute mark. The camera continued recording inside the vehicle with no relevant activity until the 2:30:02 minute mark, when I observed the marked unit's rear passenger side door open, and the Victim entered the prisoner compartment in Martinez' unit.

At the 2:30:09 mark, Martinez asked the Victim if she was ok and she appeared to respond, "Yes, Sir," as he placed his right hand on her upper right thigh. Martinez then placed his left hand briefly on the inside of her upper right thigh area. At about the 2:30:15 minute mark, Martinez fastened the seatbelt and placed his hand again on her upper right thigh between her legs for a moment. At the 2:30:21 minute mark, Martinez moved the Victim's right thigh apart from her left thigh while placing his hand close to her crotch area. The Victim appeared minimally responsive but just looked at Martinez. Martinez proceeded to squeeze the Victim's upper right thigh. At approximately the 2:30:26 minute mark, Martinez rubbed and squeezed the Victim's upper right thigh while he rubbed her thigh with his hand which was placed between the Victim's legs in her crotch area up her shorts. Martinez continued to rub in a continuous motion approximately three times with his hand while it was still up inside the Victim's shorts, and then he squeezed her upper right thigh. At the 2:30:39 minute mark, Martinez moved the seatbelt positioned across the Victim's chest and squeezed her left breast (over her hoodie). At the 2:30:44 minute mark, Martinez unzipped the Victim's hoodie. At the 2:30:47, Martinez placed his right hand inside the Victim's hoodie and rubbed and squeezed her left breast for several seconds. At the 2:30:57 minute mark, Martinez stepped away from the Victim and shut the door. Radio traffic can be heard in the background. The Victim appeared to look up at the vehicle's camera several times. At the 2:49:46 minute mark, Martinez could be heard speaking into a speaker box, presumably upon his arrival at the Doña Ana County Detention Center. At the 2:52:48 minute mark, Martinez opened the rear passenger door and assisted the Victim in exiting the vehicle.

3

On September 15, 2023, I obtained information from an investigator with New Mexico State Police (NMSP) (hereinafter Witness 3). Witness 3 explained that DASO investigators obtained and reviewed additional recovered footage dated Sunday, April 30, 2023, from Martinez' marked unit's WatchGuard DVR System. At the times listed on the recordings, Martinez was not on duty. Witness 3 stated that in the videos, loud crashing sounds are heard, and Martinez can be observed walking back and forth from his residence to his patrol vehicle several times. The last video, which was recorded at 9:51 p.m., shows a black screen and audio. This could indicate the WatchGuard DVR System was damaged while the video was being recorded. Based on my investigation, I believe this video shows Martinez attempting to damage the WatchGuard DVR System in his vehicle, in an effort to conceal his crimes from earlier that day, on April 30, 2023.

On September 15, 2023, I had a conversation with a sergeant from NMSP police (hereinafter Witness 4), who described his review of pertinent videos in their investigation of Martinez. Martinez was observed wearing his body worn DVR camera during the sexual assault of the Victim.[3] Witness 4 opined Martinez purposely unplugged the camera lens attachment during the sexual assault of the Victim with the intent to prevent the body worn DVR camera from functioning. My investigation leads me to believe that Martinez later realized his marked unit's mounted vehicle camera and WatchGuard DVR system, may have, in fact, captured the sexual assault. This led to Martinez attempting to destroy the WatchGuard DVR system, as is evidenced by the video recovered after Martinez returned home from being on duty on April 30, 2023.

On September 16, 2023, I spoke with an officer with DASO (hereinafter Witness 5), regarding Martinez. Witness 5 explained that the body worn DVR camera must be activated with a push of a button to function. The body worn DVR camera has a lens attachment which, when connected and activated, allows for a recording to take place. Witness 5 reviewed the videos and believed Martinez' body worn DVR camera was on during the assault, which is clearly visible by a green light on the body worn DVR camera. However, the red flashing light feature of the body worn DVR camera indicated the device was turned on but not recording because the camera lens attachment was detached. Witness 5 believed Martinez intentionally disconnected the lens attachment so that the body worn DVR camera would not function properly and would refrain from recording the sexual assault.

Based on my training and experience, I believe Martinez, while on duty, engaged in prohibited conduct when he kidnapped and sexually assaulted the Victim. Martinez created a threatening and unreasonable situation by placing the Victim inside a secured area within his marked unit. Martinez displayed his issued uniform, firearm, and badge, while sexually assaulting the Victim, who was restrained with handcuffs and a seatbelt. This violated her constitutional right, under the 4th Amendment, against unreasonable searches or seizures. Martinez also corruptly intended to destroy evidence of his sexual assault. He attempted to cover up his sexual assault of the Victim by tampering with his marked unit's WatchGuard DVR

---

[3] This is a different camera than the WatchGuard DVR system that was located in Martinez' marked police vehicle.

4

system and falsely claiming to law enforcement that someone broke into his marked unit, destroyed the WatchGuard DVR system, and stole his body worn DVR camera.

Based on the information described above, there is probable cause that Michael Andrew Martinez committed violations of 18 US.C. §§ 242, 250 Deprivation of Rights Under Color of Law, and 18 U.S.C. § 1512(c)(1) Obstruction of Justice.

This complaint was reviewed and approved by AUSA Marisa A. Ong

_____
Armida Macmanus
Special Agent
Federal Bureau of Investigations

Subscribed and sworn before me this _____ 19th _____ day of September 2023.

_____
Damian L. Martinez
United States Magistrate Judge

5